IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:15CR20 |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CRISPIN HERRA-HERRA | |
| Defendant. | |

This matter is before the court on defendant's application to proceed in forma pauperis on appeal and request for attorney, Filing No. 210. The defendant has been convicted of a drug trafficking offense after a plea of not guilty. He has filed a notice of appeal of his conviction and sentence. Filing No. 209. The court previously determined that defendant was financially unable to obtain an adequate defense. *See* Filing No. 17 (order appointing counsel). He later retained counsel who represented him in these proceedings.

A party who was determined to be financially unable to obtain an adequate defense in a criminal case may ordinarily proceed on appeal in forma pauperis without further authorization. Fed R. App. P. 24(a)(3). Under the Federal Rules, every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent that defendant at every stage of the proceedings from initial appearance before the federal magistrate or the court through appeal, unless that defendant waives such appointment. Fed. R. Crim. P. 44. To secure counsel as a matter of right, a defendant need only demonstrate a financial inability to pay for counsel. 18 U.S.C. § 3006A(a)(1). The standard for appointment of counsel is financial inability to pay and

not indigency.  *United States v. Anderson*, 567 F.2d 839, 840 (8th Cir. 1977).  Financial inability is not as high a standard as indigency.  *United States v. Harris*, 707 F.2d 653, 660 (2d Cir. 1983); *United States v. Foster*, 867 F.2d 838, 839 (5th Cir. 1989).  The defendant bears the burden of proving inadequate financial means by a preponderance of the evidence.  *United States v. Sarsoun*, 834 F.2d 1358, 1361 (7th Cir. 1987).  *Id.* Such proof is evaluated on a case-by-case basis.  *Id.*

In his financial affidavit, the defendant demonstrates a financial inability to pay for counsel on appeal, notwithstanding his ability to obtain retained counsel at trial.  Filing No. 210-1.  Furthermore, defendant seeks to appeal his criminal conviction and sentence and is entitled to seek that redress.  The court finds counsel should be appointed under the Criminal Justice Act Plan of the United States District Court for the District of Nebraska and the defendant should be allowed to proceed in forma pauperis on appeal.  Accordingly,

        IT IS ORDERED that:

1.    Defendant's motion for leave to appeal in forma pauperis and request for attorney (Filing No. 210) is granted.

2.    Matthew R. Kahler is appointed to represent the defendant on appeal.

3.    The Clerk of the Court shall provide the Court of Appeals with a copy of this order.

Dated this 18th day of August, 2016.

        BY THE COURT:

        s/ Joseph F. Bataillon
        Senior United States District Judge