IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:15CR20 |
| vs. | |
| CRISPIN HERRA-HERRA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motions for compassionate release for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing Nos. 228, 229 and 230. Counsel for Defendant filed a brief in support. Filing No. 240. The Court ordered the United States Probation Officer to review the Bureau of Prison records and investigation report and said report has been filed. Filing No. 234. The government filed an opposition to defendant's motion to reduce, Filing No. 236. The defendant likewise filed a brief in support. Filing No. 240.

A jury found defendant guilty of Count I of the indictment charging him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. The Court sentenced defendant to 151 months imprisonment. Filing No. 204, Text Minute Entry. Defendant appealed and the Eighth Circuit denied the appeal. Filing No. 224.

Defendant filed this motion for compassionate release with approximately seven years left on his custodial sentence. The probation investigation officer recommended against compassionate release.

**DISCUSSION**

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research

1

Serv., R45558, The First Step Act of 2018: An Overview 1 (2019).  Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239.  Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release. *Id.*  Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early.  § 3582(c)(1)(A)(i).  Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based upon "extraordinary and compelling reasons."  The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  Accordingly, an initial review of the defendant's claim will involve these inquiries:

1. Has the defendant exhausted administrative remedies?
2. Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?

---

[1] The statute states: (1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; . . .
***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

3. Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?

4. Has the Court ensured that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a).

### A. Exhaustion

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, 457 F. Supp. 3d 691 (S.D. Iowa 2020). Defendant alleges he submitted a request for compassionate release to the warden, the Bureau of Prisons did not respond to his request, and it has been well over 30 days since his submission. Accordingly, the Court finds the exhaustion requirement has been met.

### B. Medical Vulnerability

COVID-19 is clearly a global pandemic that presents extraordinary and compelling release for certain prisoners. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html Mr. Herra-Herra has high choles-pterol, Triglycerides, LDL-Cholesterol, and Cholesterol/HDCL Ratio. Mr. Herra-Herra also has blindness in his left eye (historical), Dermatophytosis (ringworm, tinea) in August of 2017, and Dermatitis (unspecified condition) in September of 2016. He also suffers from obesity. Mr. Herra-Herra tested positive for COVID-19 in December of 2020 and again in January of 2022. Neither diagnosis resulted in hospitalization. There is no showing in any of the documentation

that these conditions are life-threatening or would be exacerbated by COVID-19.

Defendant asserts that COVID-19 is rapidly spreading through his place of confinement at FDC SeaTac. However, the government indicates that this is a Level 1 facility (normal operations) and has no confirmed cases of COVID-19 infections at the facility. A review of his medical records showed that defendant is listed at the lowest medical inmate rating, Care Level 1. Further, the government contends that the national emergency is over and there are many safeguards now in place for prisoners. According to the BOP website, https://www.bop.gov/coronavirus/ as of March 14, 2023, there are no confirmed COVID-19 cases at this facility.

The Court finds that defendant's physical and medical vulnerability to COVID-19 is not extraordinary nor a compelling reason for a change in defendant's sentence. *See* e.g., U.S.S.G. 1B1.13 comment. n.1 (A)-(C). He has already had COVID twice, in fact, and has recovered from the same. The Court finds the defendant is not a high medical risk and his risks are not extraordinary or compelling.

### C. Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any Applicable § 3553(a) factors. *See also* § 3582(c)(1)(A). Under U.S.S.G. 1B1.13 the Court must discern whether under ((1)(A) Extraordinary and compelling reasons warrant the reduction; or (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned; (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §

4

3142(g); and (3) The reduction is consistent with this policy statement.)² The Court finds that he likewise does not meet the factors set forth in 18 U.S.C. § 3553(a).

The defendant does not qualify for a reduction of his sentence under any of the enumerated factors under U.S.S.G. 1B1.13. He is not suffering from a serious and advanced illness with an end-of-life trajectory. He is not 70 years of age. He does not have a cancer diagnosis, advanced dementia, ALS, or end-stage organ disease. He has not served at least 30 years in prison. The reduction is not consistent with the policy statements.

Defendant participated in eight continuing adult education classes while incarcerated. He indicates he is also participating in drug education classes and has maintained steady employment. Filing No. 228 at 27. Defendant has not participated in additional education classes while incarcerated, because of the fact that he is considered a deportable alien and is thus not entitled to the same types of programming as are other inmates who are American citizens. FDC SeaTac, where Defendant is being held, is a detention center and not a federal correctional institution. Thus, the same access to programming is not available. Additionally, he has received a few very minor sanctions while in BOP custody.

---

² Section 3553(a) requires a discretionary balancing of multiple factors, not just dangerousness. Under that provision, courts weigh (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant asks for compassionate release to reside in Mexico with his mother. Defendant's Mother is a widow and is of vulnerable age and health. She allegedly needs assistance taking care of herself. The defendant provided no documentation supporting this request, and more importantly, U.S. Probation and Pretrial Services cannot conduct a collateral home inspection outside of the United States. Thus, the release plan cannot be adequately assessed. Defendant alleges he has a teenaged son whose mother was kidnapped in Sinaloa after he was sentenced. His son is allegedly parentless and has mental health issues. Defendant also has additional children who need his support. Again, the Court is unable to confirm these circumstances.

The Court finds that defendant is not entitled to release under the § 3553 factors or under §1B1.13.[3]

THEREFORE, IT IS ORDERED THAT Defendant's Motion to Reduce Sentence, Filing No. 228, is denied.

Dated this 22nd day of August, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[3] The Court notes that the new guidelines adopted by the Sentencing Commission and are to go into effect November 2023 under § 4C1.1 (a) provide that a defendant who did not receive any criminal history points, or come under the listed exclusions, would be eligible for a decrease in offense level of two levels. Such a decrease would allow this Court discretion in lowering defendant's sentence. It has not been determined, however, at this time whether retroactivity would be applied or not. Accordingly, the Court will not grant a reduction of defendant's sentence at this time. Once the new guidelines become effective, the Court will grant the defendant permission to file a motion on that basis, if it is appropriate.